671 P.2d 1145

A. Dirk JONES, R.C. Jones, R.D. Hay and Jackie Wallace, Petitioners-Appellants,

v.

NEW MEXICO STATE RACING COMMISSION and Board of Stewards, Respondents-Appellees,

Dee Hubbard and Robert (Bob) Walters, Respondents.

No. 14708.

Supreme Court of New Mexico.

Nov. 10, 1983.

Houston & Houston, Albuquerque, Sarah M. Singleton, Santa Fe, for petitioners-appellants.

Paul Bardacke, Atty. Gen., Thomas L. Dunigan, Sp. Asst. Atty. Gen., Santa Fe, for respondents-appellees.

Modrall, Sperling, Roehl, Harris & Sisk, George T. Harris, Jr., Albuquerque, for respondents.

## OPINION

STOWERS, Justice.

This appeal is taken from the judgment of the district court affirming a decision of the New Mexico State Racing Commission (the Commission). This matter was heard by the district court pursuant to a writ of certiorari issued to the Commission commanding that the record of the proceeding before the Commission be submitted for judicial review.

We affirm the district court.

In the district court proceedings, the appellants contested the decision of the Racing Commission disqualifying their horse as the winner of the 1982 World's Champion-

ship Quarter Horse Classic horse race. The disqualification was due to an infraction occurring during the running of this race on Sunday, August 1, 1982, at Ruidoso Downs Race Track.

We discuss the following issues:

(1) Whether the proceedings before the Commission deprived the appellants of due process because they were given inadequate notice;

(2) Whether the proceedings before the Commission deprived the appellants of due process because the hearing board was not impartial; and

(3) Whether the decision of the Commission was supported by substantial evidence and therefore not arbitrary and capricious.

**Notice.** Appellants contend that they were not advised of the specific regulation of the Racing Commission warranting the disqualification of their horse, Rule The Deck, by the Board of Stewards (Stewards) of Ruidoso Downs Race Track who officiated the race in question. Appellants further argue that at the hearing on this matter, the refusal of the Racing Commissioner to specify, at the beginning of the hearing, a particular regulation governing the disqualification of Rule The Deck, prevented the appellants from preparing a "defense" for presentation to the Commission.

█ The record reveals, however, that appellants' claim is not supported by any factual showing of prejudice, nor is any authority cited which would require a greater degree of specificity with respect to the notice given than that which was provided to appellants. It is well settled that the fundamental requirements of due process in an administrative context are "reasonable notice and opportunity to be heard and present any claim or defense." *McCoy v. New Mexico Real Estate Commission,* 94 N.M. 602, 604, 614 P.2d 14, 16 (1980).

█ In the present case, appellants were in receipt of Stewards Ruling No. 184, dated August 4, 1982, which reflected the "post to finish" call by the Stewards with respect to the disqualification of Rule The Deck. Pursuant to Rule 42.05 of the Rules Govern-

ing Horse Racing in New Mexico, appellants next requested and were provided specification of the general grounds on which the Stewards' ruling was based. Specification of the general grounds for the ruling of the Board of Stewards was provided to the appellants by letter directed to the Executive Secretary of the Commission, dated August 11, 1982. In pertinent part, it states:

> Approximately 75 yards out of the gate, the # 5 horse, Rule The Deck ducked in from right hand whipping, bumping the # 2 horse, Denim N Diamonds.

> As a result, we the Board of Stewards ruled that for interference and causing the # 2 horse, Denim N Diamonds from being able to run her true race, we disqualified the # 5 horse, Rule The Deck and placed her 3rd.

We find the explanation given to the appellants in this case clearly satisfied the requirements of Rule 42.05, which requires that an aggrieved party, upon request, be furnished with a "specification of the general grounds on which the order, rule, decision, penalty or ruling is based." Rules Governing Horse Racing in New Mexico, Rule 42.05 (ed. 1981).

█ With respect to notice, in order to afford a party procedural due process, a reasonable identification of the issue to be considered in the administrative proceedings is required. *See, e.g., McCoy; In re Buck's License,* 192 Or. 66, 232 P.2d 791 (1951); *Nolan v. Wisconsin Real Estate Brokers' Board,* 3 Wis.2d 510, 89 N.W.2d 317 (1958). We find that the requirements of due process with respect to notice were satisfied in the present case. The appellants' claim of denial of due process with respect to notice and their ability to present their case before the Commission is therefore without merit.

**Impartial Hearing.** Appellants argue that the Racing Commission failed to afford them an impartial hearing because "four of the five commissioners believed their primary function was to uphold the stewards."

■ This Court has long recognized, as mandated by the Constitution, that a state cannot deprive any individual of personal or property rights except after a fair and impartial hearing. *See In re Miller,* 88 N.M. 492, 542 P.2d 1182, *cert. denied,* 89 N.M. 5, 546 P.2d 70 (1975). In *Reid v. New Mexico Board of Examiners in Optometry,* 92 N.M. 414, 416, 589 P.2d 198, 200 (1979), this Court stated:

At a minimum, a fair and impartial tribunal requires that the trier of fact be disinterested and free from any form of bias or predisposition regarding the outcome of the case.

It is also well settled that these principles apply to administrative proceedings. *Withrow v. Larkin,* 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975); *Reid; In re Miller.*

■ Contrary to the contentions of the appellants, the record in this case does not contain evidence of any commissioner expressing an opinion that his duty, or that the Commission's duty is to uphold the Board of Stewards. The appellants therefore failed to overcome the "presumption of honesty and integrity in those serving as [administrative] adjudicators." *Withrow,* 421 U.S. at 47, 95 S.Ct. at 1464. Moreover, the record reflects the Commission's understanding that its purpose was to consider appellants' challenge to the ruling of the Board of Stewards and to render an independent judgment based on the evidence presented.

■ As an additional ground for the claimed bias of the Commission, appellants argue that counsel for the Commission acted as its legal adviser and prosecuted this case for the Stewards thereby affecting the Commission's ability to be impartial. Citing *Kerr-McGee Nuclear Corp. v. New Mexico Environmental Improvement Board,* 97 N.M. 88, 637 P.2d 38 (Ct.App.), *cert. quashed,* 97 N.M. 242, 638 P.2d 1087 (1981) and *Addis v. Santa Fe County Valuation Protests Board,* 91 N.M. 165, 571 P.2d 822 (Ct.App.1977), appellants contend that such "dual representation" detracted from the Commission's ability to be impartial.

We find *Addis* and *Kerr-McGee* inapplicable to the present case. Counsel for the Commission did not represent the Stewards with respect to the disqualification of the horse Rule The Deck, nor were the Stewards a party to the proceedings before the Commission. The Stewards were present at these proceedings as witnesses to provide testimony as to the running of the race in question. In fact, at this stage of the proceedings, the decision of the Stewards in this matter was *functus officio.* Therefore, having fulfilled their function by making the initial ruling, it was not the burden of the Stewards to act to uphold their ruling. Appellants' contention that counsel was pursuing this case for the Stewards is therefore without merit.

Moreover, despite the claimed "dual representation" by counsel for the Commission, the appellants admit they made no formal motion to disqualify the Commission's counsel. Nevertheless, appellants ask this Court to consider the cumulative impact this had on their ability to obtain a fair trial. A review of the record demonstrates the Commission's independence from its counsel. Nothing in the record indicates that the actions of counsel for the Commission in any way affected the Commission's impartiality. We find that the appellants were afforded an impartial tribunal and were therefore not deprived of due process of law.

■ **Substantial Evidence.** The appellants contend that the Commission's decision should be reversed because the Commission incorrectly interpreted the rule used to disqualify the horse Rule The Deck. On appeal, the decision of the Commission must be upheld (1) if the decision is authorized by commission regulations, and (2) if a violation of commission regulations is supported by substantial evidence. *Lloyd McKee Motors, Inc. v. New Mexico State Corporation Commission,* 93 N.M. 539, 602 P.2d 1026 (1979); *Alto Village Services Corp. v. New Mexico Public Service Commission,* 92 N.M. 323, 587 P.2d 1334 (1978). Moreover, as we have noted previously, on appeal from an order of the district court

affirming an order of an administrative agency, this Court will review the record of the administrative hearing to determine if the administrative order was substantially supported by evidence and by applicable law. *Wolfley v. Real Estate Commission,* 100 N.M. 187, 668 P.2d 303 (1983); *Grace v. Oil Conservation Commission,* 87 N.M. 205, 531 P.2d 939 (1975).

Appellants argue that the Commission misinterpreted Rule 22.04 of the Rules Governing Horse Racing in New Mexico, and misapplied it in this case. Rule 22.04 provides in part:

[I]f any horse swerves or is ridden to either side so as to interfere with or impede any other horse, it is a foul, and such horse may be disqualified, if in the opinion of the Stewards it altered the finish of the race, whether the foul was willful or the result of careless riding.

Rules Governing Horse Racing in New Mexico, Rule 22.04 (ed. 1981).

Appellants claim that the misinterpretation of Rule 22.04 led the Commission into applying an incorrect standard. We do not agree. In the course of its *de novo* inquiry, the Commission viewed the film of the race, heard testimony, and considered other evidence concerning the running of the race. The Commission concluded that Rule The Deck left her racing lane, moved to her left across the race track and bumped into Denim N Diamonds. As a result of the collision, the performance of Denim N Dia-monds was interfered with sufficiently to alter the finish of the race. The evidence in the record is sufficient to sustain this determination on the part of the Commission.

Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Toltec International, Inc. v. Village of Ruidoso,* 95 N.M. 82, 619 P.2d 186 (1980). Furthermore, the evidence is to be viewed in the aspect most favorable to the action of the court or commission which is being appealed. *Rinker v. State Corporation Commission,* 84 N.M. 626, 506 P.2d 783 (1973).

We agree with the conclusions of the Commission which were affirmed by the district court. That decision is supported by substantial evidence, was made within the lawful regulatory authority of the Racing Commission, and it was not arbitrary and capricious. We therefore affirm the decision of the district court.

IT IS SO ORDERED.

PAYNE, C.J., and FEDERICI, J., concur.