**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMSC-029**

**Filing Date: June 21, 2011**

**Docket No. 32,193**

**TW TELECOM OF NEW MEXICO, L.L.C.**,

 **Appellant,**

**v.**

**NEW MEXICO PUBLIC REGULATION COMMISSION,**

 **Appellee,**

**and**

**QWEST CORPORATION and**
**OFFICE OF THE ATTORNEY GENERAL,**

 **Intervenors.**

**APPEAL FROM THE NEW MEXICO PUBLIC REGULATION COMMISSION**

Jones, Snead, Wertheim & Wentworth, P.A.
Carol A. Clifford
Santa Fe, NM

for Appellant

Margaret Kendall Caffey-Moquin
Santa Fe, NM

for Appellee

Montgomery & Andrews, P.A.
Jaime R. Kennedy
Thomas W. Olson
Santa Fe, NM

Gary K. King, Attorney General

Brian Edward Harris, Assistant Attorney General
Santa Fe, NM

for Intervenors

**OPINION**

**MAES, Justice.**

**{1}**     Appellant, tw telecom of new mexico, llc (tw telecom), appeals from the final order issued by the New Mexico Public Regulation Commission (the PRC) in *In the Matter of the Development of an Alternative Form of Regulation Plan for Qwest Corporation* (AFOR III), No. 09-00094-UT (AFOR III Final Order).  tw telecom claims that the PRC (1) adopted certain conclusions from a previous final order, lacking justification in the AFOR III record; (2) deregulated Qwest Corporation's (Qwest) rates in violation of the New Mexico Telecommunications Act, NMSA 1978, Sections 63-9A-1 to -20 (1985) (as amended through 2004), and the separation of powers doctrine in Article III, Section 1 of the New Mexico Constitution; and (3) deprived tw telecom of proper due process.  We annul and vacate the AFOR III Final Order and remand to the PRC for further proceedings affording the parties an opportunity to present evidence.  Because we remand this case based on the PRC's due process violation, resulting from the adoption of conclusions from a previous proceeding without affording the parties an opportunity to be heard, we do not address tw telecom's second claim.

**FACTS AND PROCEDURAL HISTORY**

**{2}**     The claims raised in this appeal involve three cases before the PRC that concerned the development of various alternative form of regulation plans issued by the PRC, and Qwest's compliance with the terms and conditions therein.  The cases addressed various issues, including pricing provisions and detailed requirements for the filing of tariff changes, tariffs for new services, promotional offerings, packaged services, and individual contracts for services.  Those facts relevant to the development of the final orders issued in those cases are introduced in this section; additional facts are set forth as needed.

**{3}**     In the first case, the AFOR II final order on pricing and quality of service (AFOR II Final Order), was issued in *In the Matter of the Development of an Alternative Form of Regulation Plan for Qwest Corporation* (AFOR II), No. 05-00466-UT, on November 28, 2006.  The AFOR II Final Order specifically addressed Qwest's pricing and quality of service provisions.  The effective dates of the AFOR II Final Order were January 1, 2007 through December 31, 2009.

**{4}**     Pursuant to the procedures enumerated in the AFOR II Final Order, Qwest filed a series of promotions and tariff changes with the PRC in which Qwest offered waivers or reductions of recurring monthly charges and of nonrecurring charges.  Cyber Mesa

2

Computer Systems, Inc. (CyberMesa) and the PRC staff (Staff) filed objections to the promotional and tariff programs, and claimed that Qwest had engaged in anti-competitive behavior by pricing its services below cost. The objections resulted in two separate cases, later consolidated: *In the Matter of Objections to Qwest Corporation's Proposed "Residence and Business Competitive Response Program" Tariff Changes in its Transmittal 2008-022*, No. 08-00326-UT; and *In the Matter of a Protest of a 90 Day "Residence and Business Competitive Response Programs" Promotion by Qwest Corporation for "Potential New" Qwest Residence Local Exchange Customers and Existing Qwest Business Customers "in Retention Situations,"* No. 08-00197-UT (collectively the "Competitive Response Case").

**{5}** The focus of the Competitive Response Case was to decide the relevant costs used to determine a price floor for a promotional offering or a tariff reduction. tw telecom made a business decision not to intervene in the Competitive Response Case because tw telecom did not actively market the Qwest business services that were the subject of the promotions or tariffs.

**{6}** The final order issued by the PRC in the Competitive Response Case on August 25, 2009 (Competitive Response Case Final Order), was sent via email by the AFOR III hearing examiner to the AFOR III parties, which included tw telecom. The PRC urged the AFOR III hearing examiner and parties to "take note of [the] ruling and to see whether, if adopted [in AFOR III], it might forestall similar confusion in the implementation of AFOR III."

**{7}** The third case resulted in the AFOR III Final Order which is the subject of this appeal. The AFOR III case was initiated by the PRC to develop the third alternative form of regulation, specifically addressing how Qwest was to calculate its rates and charges. The PRC provided that "[t]he scope of this proceeding shall extend to all issues necessary and convenient to the development of a new AFOR plan concerning Qwest Corporation, including but not limited to, pricing, quality of service, infrastructure investment, and deployment of advanced services." The PRC determined that the AFOR III case would be conducted as an adjudicated case and all interested parties would be given an opportunity to participate in developing the next alternative form of regulation plan. Notice was served to all entities listed on the PRC's Telecommunications Service List, and a copy of the notice was placed on the PRC's website.

**{8}** A time line of critical dates relating to the development of AFOR III follows.

**July 7-10, 2009:** AFOR III public hearing.

**August 28, 2009:** AFOR III briefs-in-chief were due; AFOR III parties received notice of the Competitive Response Case Final Order.

**October 22, 2009:** The hearing examiner filed the AFOR III recommended decision.

**November 2009:** Certain AFOR III parties, including tw telecom, Qwest, CyberMesa, Level 3, the New Mexico Attorney General, and the Department of Defense/Federal Executive Agencies, filed exceptions to the AFOR III recommended decision.

**November 6, 2009:** Qwest filed a request for oral argument on exceptions to the AFOR III recommended decision.

**December 8, 2009:** Oral argument was held at which tw telecom, Qwest, CyberMesa, Level 3, the New Mexico Attorney General, and the Department of Defense/Federal Executive Agencies, presented their exceptions to the AFOR III recommended decision.

**December 31, 2009:** AFOR II expired. The PRC issued its AFOR III Final Order, adopting the AFOR III recommended decision, as modified, and it became effective.

**{9}** The PRC imported findings from the Competitive Response Case Final Order into the AFOR III Final Order to establish the correct price floor for AFOR III. The PRC also adopted the finding from the Competitive Response case that " Qwest does not need to file imputation studies in support of its rates" test because the analysis should "focus on Qwest's costs and revenues, rather than on those incurred by [Competitive Local Exchange Carriers]," such as tw telecom.

**{10}** The PRC recognized in the AFOR III Final Order that several parties had raised due process concerns regarding the inclusion of the Competitive Response Case Final Order provisions in the AFOR III Final Order. Specifically, tw telecom claimed that since it was not a party to the Competitive Response Case, its

> procedural and substantive rights [were] implicated by the Commission's decision in this [c]ase; it has relied in good faith on the scope of [the] case as defined by the Commission's notice here; and [it] should not be deprived of its right to be heard on the merits of the testimony and evidence presented here.

Quoting from the AFOR III recommended decision filed by the hearing examiner, the PRC concluded that,

> based on the evidence in this case, no reason has been shown for *reversing the Commission's prior finding* that Qwest does not need to file imputation studies in support of its rates. However, any final decision on these issues should be deferred pending the outcome of the motions for rehearing that have been filed in the Competitive Response Case.

The PRC further concluded that the AFOR III Final Order was decided on the merits, and the decision not to require an imputation test was made independent of prior orders, namely the AFOR II Final Order and the Competitive Response Case Final Order.

{11}    The PRC provided notice to tw telecom and the other AFOR III parties that the Competitive Response Case Final Order could be adopted into the AFOR III when the Competitive Response Case Final Order was issued.  Specifically, the PRC advised "the parties and the Hearing Examiner in the AFOR III case to take note of this ruling and see whether, if adopted there, it might forestall similar confusion in the implementation of AFOR III."  The AFOR III parties received notice of the Competitive Response Final Order the same day the parties' post-hearing AFOR III briefs-in-chief were due and over a month after the AFOR III public hearing.

{12}    PRC Commissioner Jason Marks issued a dissent to the AFOR III Final Order in which he reiterated concerns previously set forth in his dissent to the Competitive Response Case Final Order.  Commissioner Marks expressed his due process concerns that, "[w]hen decisions are based on information not brought forward in testimony or otherwise put into the record, parties that might be opposed to these provisions are denied the opportunity to cross examine the information or offer alternative testimony."

{13}    tw telecom filed a motion for rehearing, but it was deemed denied by the PRC's inaction.  1.2.2.37(F)(6)(a) NMAC ("If the commission does not act on a motion for rehearing within twenty (20) days after the final order has been issued, the motion shall be deemed denied.").  Thereafter, tw telecom filed its direct appeal to this Court.  *See* NMSA 1978, § 62-11-1 (1993) (providing a right of direct appeal from a final order of the PRC).

{14}    tw telecom claims that the conclusions in the Competitive Response Case Final Order adopted by the PRC in the AFOR III Final Order are not supported by substantial evidence, are arbitrary and capricious, represent an abuse of discretion, and are unlawful.  NMSA 1978, § 63-7-1.1(G) (1998); NMSA 1978, § 63-9A-16(B) (1998).  tw telecom raises three issues on appeal:  (1) whether "the [PRC] adopted the new pricing plan derived from the Competitive Response Case [Final Order] without justification in the AFOR III Case record and without explanation"; (2) whether "the new pricing plan effectively deregulate[d] Qwest's rates in violation of the New Mexico Telecommunications Act . . . and the separation of powers doctrine, Article III, Section 1 of the New Mexico Constitution"; and (3) whether "the [PRC] . . . deprived [tw telecom] and other parties of their right to procedural due process by denying them the right to confront the evidence supporting the new pricing plan."

**STANDARD OF REVIEW**

{15}    When reviewing a PRC decision, the challenging party bears the burden of proving that the decision "is arbitrary and capricious, not supported by substantial evidence, outside the scope of the agency's authority, or otherwise inconsistent with law."  *Albuquerque*

5

*Bernalillo Cnty. Water Util. Auth. v. N.M. Pub. Regulation Comm'n and Pub. Serv. Co. of N.M.* (*ABCWUA*), 2010-NMSC-013, ¶ 17, 148 N.M. 21, 229 P.3d 494 (internal quotation marks and citations omitted); *see* § 63-9A-16(B). The due process claims raised by tw telecom are constitutional issues of law that we review de novo. *ABCWUA*, 2010-NMSC-013, ¶ 19.

**DISCUSSION**

**{16}** tw telecom conceded during oral argument that if this Court found a violation of tw telecom's due process rights, there would be no need to address the other issues raised in their brief-in-chief. tw telecom claims that the PRC "deprived the parties of essential elements of due process including adequate notice, an opportunity to present witnesses or evidence, the chance to cross-examine witnesses, and, perhaps most important, the right to have a decision based on the record with a statement of reasons for the decision." The PRC argues that tw telecom had actual notice and an opportunity to be heard in both the Competitive Response Case and AFOR III, in which they referred to and relied upon the Competitive Response Case record in the AFOR III proceedings.

**{17}** Due process is not a concrete concept, but rather "is flexible in nature and may adhere to such requisite procedural protections as the particular situation demands." *U S West Commc'ns, Inc. v. N.M. State Corp. Comm'n* (*U S West*), 1999-NMSC-016, ¶ 25, 127 N.M. 254, 980 P.2d 37 (internal quotation marks and citations omitted); *see also Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("It has been said so often by this Court and others as not to require citation of authority that due process is flexible and calls for such procedural protections as the particular situation demands."). Although the specific procedural requirements of due process vary depending on the situation, "'[i]t is well settled that the fundamental requirements of due process in an administrative context are reasonable notice and *opportunity to be heard and present any claim or defense*.'" *ABCWUA*, 2010-NMSC-013, ¶ 21 (emphasis added) (quoting *Jones v. N.M. State Racing Comm'n*, 100 N.M. 434, 436, 671 P.2d 1145, 1147 (1983)). The opportunity to be heard should be "at a meaningful time and in a meaningful manner." *N.M. Indus. Energy Consumers v. N.M. Pub. Serv. Comm'n*, 104 N.M. 565, 568, 725 P.2d 244, 247 (1986); *see Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (holding that for procedural due process to be met, "the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner" (internal quotations marks and citation omitted)).

**{18}** The PRC claims that in AFOR III, tw telecom "had, and took advantage of, ample opportunity to present its own price floor proposal, to present evidence, and to advocate for its position." The PRC cites tw telecom's testimony in AFOR III, which referenced evidence from the Competitive Response Case, to show that tw telecom had knowledge that the PRC was considering adoption of certain pricing methodologies in the Competitive Response Case into the AFOR III Final Order.

6

**{19}**   tw telecom admits to citing to "the procedural history of the Competitive Response Case to demonstrate that the Commission needed to streamline its procedures for tariff filings so as to avoid the delay and expense necessitated by that case." However, tw telecom claims to have responded only to those portions of the Competitive Response Case that were placed in the AFOR III record, and argues that "[i]f the entire Competitive Response Case record had been taken notice of, [then] tw telecom would have responded accordingly."

**{20}**   "The [PRC] is authorized only to make its decision [based] upon the evidence adduced at the hearing and made a part of the record." *Transcon. Bus Sys. v. State Corp. Comm'n*, 56 N.M. 158, 177, 241 P.2d 829, 841 (1952). The AFOR III Final Order was not based solely on the evidence presented and made part of the record; rather, certain conclusions were based on evidence heard at the Competitive Response Case hearing a month earlier and later incorporated into the AFOR III recommended decision. Although tw telecom referenced Competitive Response Case evidence in its AFOR III testimony, such reference does not negate the fact that tw telecom was denied the opportunity to present evidence and to examine and cross-examine witnesses regarding PRC's decision in the Competitive Response Case. Furthermore, tw telecom's motion for a rehearing, requesting that the AFOR III parties be given the opportunity to present evidence regarding the implementation of the Competitive Response Case to AFOR III, was deemed denied by the PRC's inaction. 1.2.2.37(F) NMAC.

**{21}**   Due to the timing of the Competitive Response Case Final Order, the parties were denied the opportunity to substantively address the impact of the Competitive Response Case Final Order on the pending AFOR III proceeding through the presentation of evidence or the examination and cross-examination of witnesses. Because tw telecom was precluded from making a record in AFOR III regarding the Competitive Response Case Final Order, an essential element of due process, the opportunity to be heard, was violated.

**CONCLUSION**

**{22}**   We annul and vacate the AFOR III Final Order and remand to the PRC for further proceedings so that the parties are afforded the opportunity to present evidence. *See* NMSA 1978, § 62-11-5 (1982) ("The supreme court shall have no power to modify the action or order appealed from, but shall either affirm or annul and vacate the same."). Because we remand this case based on the due process violation, we do not address tw telecom's second claim.

**{23}   IT IS SO ORDERED.**

_____
**PETRA JIMENEZ MAES, Justice**

**WE CONCUR:**

_____

**CHARLES W. DANIELS, Chief Justice**


_____

**PATRICIO M. SERNA, Justice**


_____

**RICHARD C. BOSSON, Justice**


_____

**EDWARD L. CHÁVEZ, Justice**


**Topic Index for *tw telecom v. NMPRC*, Docket No. 32,193**

| | |
|---|---|
| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
| AL-DU | Due Process |
| AL-NO | Notice |
| AL-RE | Record |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-DP | Due Process |
| | |
| **PU** | **PUBLIC UTILITIES AND COMMUNICATIONS** |
| PU-TL | Telecommunications |