This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                    **No. 31,860**

**EDDIE R. TRUJILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Richard J. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Ernesto B. Martinez
Roswell, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant-Appellant Eddie R. Trujillo (Defendant) appeals his conviction for aggravated driving while intoxicated (DWI). We issued a notice of proposed summary disposition, proposing to uphold the conviction. Defendant has filed a

memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

Defendant has raised a single issue, contending that the district court erred in denying his motion to suppress and motion to dismiss. [DS 3] The motions are premised on a claim that the underlying traffic stop was pretextual. [RP 64-66, 76-78, 84-86] We understand Defendant to renew this claim in his memorandum in opposition. [MIO 2] However, as we previously observed, the district court specifically found that the stop was not pretextual after considering the totality of the circumstances surrounding the stop. [DS 3; RP 76-77, 84-85, 98] In light of the standard of review, which requires this Court to view the evidence in the light most favorable to the State, *see State v. Gonzales*, 2011-NMSC-012, ¶¶ 13, 16, 150 N.M. 74, 257 P.3d 894, Defendant's continuing assertions on appeal relative to the officer's subjective motive for the stop present no basis for relief.

Defendant also cites the case of *State v. Ortiz*, 2009-NMCA-092, 146 N.M. 873, 215 P.3d 811, in support of his position. [MIO 2] We find *Ortiz* to be inapposite. In *Ortiz* the defendant sought to prove that the stop of his vehicle was pretextual. 2009-NMCA-092, ¶ 3. To that end he obtained discovery orders compelling the State to produce the arresting officer's cell phone records. *Id.* ¶¶ 12, 15. When the State failed to comply, the defendant moved to suppress and/or dismiss. *Id.* ¶¶ 14, 16. The

district court specifically found that the State's violation of the discovery orders was in bad faith and that the defendant had been prejudiced, and it dismissed the case on that basis. *Id.* ¶¶ 20-21. In light of the specific circumstances presented, this Court affirmed the order of dismissal. *Id.* ¶ 39.

*Ortiz* is similar to the present case insofar as it involves a claim of pretextual stop and a request for discovery. However, the similarity ends there. Unlike *Ortiz*, we find no indication that the district court ordered the State to provide additional discovery to Defendant in relation to his claim of pretext. Nor does the State appear to have violated any of the district court's orders. There is no finding that the State acted in bad faith, and no determination that Defendant was prejudiced in any way. As a result, we perceive no basis, under *Ortiz* or otherwise, for the dismissal of the charges against Defendant in this case.

Accordingly, for the reasons stated, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**