This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SANDRA HUNTER,**

Plaintiff-Appellee,

v.                                                                          **NO. 34,076**

**CITY OF LAS CRUCES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Law Firm of Daniela Labinoti, P.C.
Daniela Labinoti
El Paso, TX

Brett Duke, P.C.
Brett Duke
El Paso, TX

for Appellee

City of Las Cruces
Harry S. "Pete" Connelly, Jr., Deputy City Attorney
William R. Babington, Jr., City Attorney
Las Cruces, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant City of Las Cruces (City) appeals from a judgment, following a jury verdict, in favor of Plaintiff Sandra Hunter (Hunter) on her hostile work environment claim under the New Mexico Human Rights Act (NMHRA). In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, the City has filed a memorandum in opposition, which we have duly considered. We are not persuaded by the City's arguments and therefore affirm.

{2}     The City raised five issues in its docketing statement. [DS 3-5] We issued a calendar notice in which we addressed each issue in detail and proposed to affirm. The City has responded with a memorandum in opposition, which provides no legal arguments or facts that this Court has not already considered or that convince us that our proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}** We note as an initial matter, the City asserts that it raised, and this Court should have addressed, whether the district court had subject matter jurisdiction regarding Hunter's allegations of discrimination from 2006 through 2012. [MIO 1-2, 4] The City claims that this issue was raised in its argument that the district court erred in denying the City's motion for partial summary judgment based on the statute of limitations set forth in NMHRA. [MIO 1-2; *see also* DS 3-4]

**{4}** Our calendar notice addressed the statute of limitations issue, as it was raised in the docketing statement. [CN 1-4; DS 3-4] To the extent the City is arguing that the district court did not have subject matter jurisdiction because the statute of limitations had run, the City has not demonstrated that the continuing violation doctrine does not apply. *See Charles v. Regents of N.M. State Univ.*, 2011-NMCA-057, ¶ 11, 150 N.M. 17, 256 P.3d 29 ("[T]he continuing violation doctrine [is] an equitable doctrine permitting a plaintiff to bring an otherwise untimely claim." (alterations in original) (internal quotation marks and citation omitted)); *Ulibarri v. State of N.M. Corr. Acad.*, 2006-NMSC-009, ¶ 11, 139 N.M. 193, 131 P.3d 43 (considering "whether [the p]laintiff's claims can be construed as discrete unlawful employment practices, which must fall entirely within the statutory period, or as a cumulative series of acts constituting a single unlawful employment practice, which may all be considered if any one act contributing to [the p]laintiff's claim falls within the statutory period").

**{5}** **Issue (a):** The City asked this Court to determine whether the district court erred in denying its motion for partial summary judgment based on the statute of limitations set forth in the NMHRA. [DS 3-4; MIO 3-4] Our notice perceived no basis upon which to conclude that the district court erred, and we provided detailed reasons in support of our view. [CN 1-4] The City has not demonstrated how the district court's decision was incorrect. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error.").

**{6}** **Issues (b) and (e):** In its docketing statement, the City alleged that two of the jury instructions were erroneous—the special verdict form and the emotional distress instructions. [DS 4, 5; *see also* 2 RP 388-89, 414] In this Court's calendar notice, we grouped the jury instruction issues together and we will retain our order of the issues herein. [CN 4-6] Based on our review of the record, it did not appear that these issues were preserved below. [CN 4-5] However, we stated that even if the City had preserved these issues, the City had not demonstrated that the instructions were erroneous, that the result was fundamentally unjust, or that any alleged deficiencies in the jury instructions warrant reversal. [CN 5-6]

4

{7} With respect to issue (b), the City maintains that it was not allowed to review the special verdict form before the district court submitted it to the jury. [MIO 6] The City asserts that counsel for the parties could not agree on the terms of the special verdict form, so the district court created its own special verdict form and filed it in open court. [MIO 6] Nonetheless, the City fails to show how it preserved any alleged error below. [*See* CN 5 (discussing the preservation requirements)] The City does not inform this Court whether it tendered its own special verdict form, what arguments the parties made, whether it objected to the district court creating the special verdict form, or whether it asked to review the special verdict form before it was submitted to the jury. [Id.]

{8} Rather, in its memorandum in opposition, the City argues that the special verdict form did not require the jury to find that the City created the hostile work environment and this error is fundamentally unfair. [MIO 5-7] As we stated in our calendar notice, however, even if the City had preserved this argument, jury instructions are to be read as a whole, and pursuant to Instruction No. 2, the jury was instructed that Hunter was claiming that the City violated the NMHRA by "creat[ing] a hostile work environment based on [her] race or color; or . . . based on [her] engaging in a protected activity[.]" [CN 5-6 (quoting Instruction No. 2)] The City acknowledges that this instruction was given and further acknowledges that

5

Instruction No. 6 was given, which provides in relevant part that Hunter was required to "show that the work environment was both objectively and subjectively hostile" and "the Human Rights Act is not 'a general civility code[.]'" [MIO 5-7; 2 RP 402] Therefore, we are not persuaded that any alleged deficiencies in the special verdict form require reversal.

**{9}** With respect to issue (e), the City acknowledges that it did not offer a jury instruction defining emotional distress. [MIO 8-9] Nevertheless, the City refocuses its argument and asserts that the award for emotional distress was improper. [MIO 8-9] Without providing a sufficient factual record, the City now asserts that "[w]hile [Hunter] argued that she was subjected to emotional distress, the evidence did not support that conclusion." [MIO 9] As an appellate court, "we will not reweigh the evidence nor substitute our judgment for that of the fact finder." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. Thus, to the extent the City intended this argument to be treated as a motion to amend, we deny the motion because this issue is not viable. *See State v. Moore*, 1989-NMCA-073, ¶¶ 42-44, 109 N.M. 119, 782 P.2d 91 (explaining that issues sought to be presented must be viable), *superseded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{10}** **Issue (c):** In its docketing statement, the City claimed that "[t]here is no substantial evidence to show that Hunter was subjected to a hostile work environment due to her race, color, or retaliation[,]" and the jury's verdict on "hostile work environment" was contrary to its finding that the City did not discriminate against Hunter based on her race or color. [DS 4] We proposed to affirm and provided detailed reasons in support of our view. [CN 6-9] The City has not pointed out any additional facts or law to dispute the reasons set forth in our notice. [MIO 6] *See Hennessy*, 1998-NMCA-036, ¶ 24.

**{11}** **Issue (d):** The City continues to argue that Hunter's counsel made improper closing arguments that warrant reversal in this case. [DS 4-5; MIO 7-8] As we stated in our calendar notice, the City was required to show that the alleged improper argument caused an improper judgment. [CN 9-10] The City's response that "[t]he prejudice is clear given the jury's inconsistent findings" is not sufficient to meet its burden. [MIO 7] "[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." *Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 (alteration, internal quotation marks, and citations omitted).

**{12}** For the reasons stated herein and in our notice of proposed summary disposition, we affirm.

{13}    **IT IS SO ORDERED.**


                                              _____
                                              **JAMES J. WECHSLER, Judge**



**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**CYNTHIA A. FRY, Judge**