This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39121

**VICTORIA LOPEZ,**

Appellant-Petitioner,

v.

**NEW MEXICO RETIREE
HEALTHCARE AUTHORITY,**

Appellee-Respondent.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Bryan P. Biedscheid, District Judge**

Disability Rights of New Mexico
Jason C. Gordon
Albuquerque, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Jenica Jacobi
Jocelyn Drennan
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Appellant appeals following the district court's order affirming the New Mexico Retiree Healthcare Authority's (NMRHCA) determination that her healthcare coverage was improperly granted and therefore properly terminated. In this Court's notice of proposed disposition, we proposed to summarily affirm. Appellant filed a memorandum in opposition to our proposed summary affirmance, which we have duly considered. Remaining unpersuaded that Appellant has shown error on appeal, we affirm.

**{2}**     In Appellant's memorandum in opposition, she continues to relitigate her equal protection and due process claims as if they were newly raised. Thus, her memorandum in opposition is unavailing to the extent she again refers back to her previous arguments without addressing the district court's analysis or the analysis contained within our notice of proposed disposition. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that "[t]here is a presumption of correctness in the rulings" or decisions of the trial court, and the party claiming error bears the burden of showing such error (alterations, internal quotation marks, and citation omitted)).

**{3}**     With regard to Appellant's due process claims, her memorandum in opposition has provided a somewhat more specific argument. [MIO 14-16, 19-24] Nevertheless, we remain unpersuaded. The notice provided in this case, that Appellant did not meet the eligibility requirements to be defined as a disabled dependent, is dissimilar to the notice in the Arizona federal district court case relied upon by Appellant to support her claim that the notice provided to her was unconstitutionally vague. [MIO 13-14] More significantly, while Appellant "asserts that the absence of good notice from the start of the case adversely impacted her ability to prepare for the case," [MIO 15], this assertion alone is not sufficient to establish prejudice. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *Jones v. N.M. State Racing Comm'n*, 1983-NMSC-089, ¶ 6, 100 N.M. 434, 671 P.2d 1145 (rejecting a due process claim in the absence of a showing of prejudice). And although we sympathize with Appellant's situation, the record indicates that she was not prejudiced by the lack of greater specificity in the formal notice. Shortly after Appellant received the formal notice, she received an email specifically explaining the reason for the determination that she was ineligible. [2 RP 269; *see also* MIO 16] Further, Appellant was "given a hearing in front of a hearing officer, and then a hearing in front of the NMRHCA Board," and she indicated that she had fully participated in the proceedings when her attorney "stated to the NMRHCA Board that the hearing officer had everything she needed to make her decision." [CN 7 (alterations omitted)] *See N.M. Dep't of Workforce Sols. v. Garduno*, 2016-NMSC-002, ¶ 27, 363 P.3d 1176, 1183 ("In New Mexico, the distinguishing factor used to determine whether there was or was not a violation of due process rights depends on whether the defective notice deprived the claimant of the ability to participate in the proceeding.").

**{4}**     Finally, if we were to agree, for purposes of this opinion only, that NMRHCA's termination of Appellant's healthcare benefits prior to a hearing violated Appellant's procedural due process rights, Appellant has not asserted any facts, law, or argument in her memorandum in opposition that persuades us that our notice of proposed

disposition erred in suggesting that the retroactive reinstatement of her benefits rendered the issue moot and that Appellant failed to demonstrate prejudice during the time period when her benefits may have been improperly terminated and before they were retroactively reinstated. [CN 7] *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24. Thus, we are not persuaded by Appellant's broad contention that the "retroactive reinstatement of coverage cannot cure the time [Appellant] had to spend without medical coverage while awaiting the resolution of this issue." [MIO 21] *See Hennessy*, 1998-NMCA-036, ¶ 24; *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10.

{5}    Appellant's memorandum in opposition has not otherwise asserted any facts, law, or argument in her memorandum in opposition that persuades us that our notice of proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *see also Hennessy*, 1998-NMCA-036, ¶ 24. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{6}    **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**