This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40749

**U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee of the CHALET SERIES IV TRUST,**

Plaintiff-Appellee,

v.

**MARCELINA MARTINEZ,**

Defendant-Appellant,

and

**ESTATE OF ROSE R. MARTINEZ a/k/a ROSE E. MARTINEZ, Deceased; FELIX J. MARTINEZ a/k/a FELIX JOE MARTINEZ; UNKNOWN HEIRS, DEVISEES, OR LEGATEES OF ROSE R. MARTINEZ, Deceased; and OCCUPANTS OF THE PROPERTY, if any,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY Bryan Biedscheid, District Court Judge**

Eraina M. Edwards
Albuquerque, NM

for Appellee

Marcelina Martinez
Santa Cruz, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** In this consolidated case, Marcelina Martinez (Appellant), a self-represented litigant, appeals from the district court's decree of foreclosure and from the order confirming sale. We issued a notice proposing to summarily affirm. Appellant has responded with a memorandum opposing our proposed analysis. We remain unpersuaded that Appellant has demonstrated error and affirm.

**{2}** Relative to the foreclosure proceedings, Appellant's memorandum in opposition continues to raise challenges: (1) to the district court's order granting Plaintiff's motion to amend its complaint to name Appellant as a Defendant upon the death of Rose Martinez; (2) to the district court's subject matter jurisdiction; (3) to the district court's personal jurisdiction over Appellant; and (4) to the district court's orders granting summary judgment and denying Appellant's motion to dismiss, filed contemporaneously. [MIO 1-23]

**{3}** Appellant's arguments show continued confusion about the nature of and remedy sought by the foreclosure action, the exclusion of this action brought by Plaintiff, the secured creditor, from probate under NMSA 1978, Section 45-3-104(B) (1975), and about the district court's subject matter jurisdiction. [MIO 1-23] These matters were repeatedly and thoroughly discussed in district court and were properly rejected by the district court. As explained in our notice, we were not persuaded by Appellant's views on these matters in the docketing statement, and we remain unpersuaded by the repetition of these views in the memorandum in opposition. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement"), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. For the reasons stated in our notice and repeatedly explained in district court, we hold that the district court properly ruled that it had subject matter jurisdiction and that Plaintiff could properly amend the complaint to name Appellant as a Defendant upon the death of Rose Martinez.

**{4}** In the memorandum in opposition, Appellant challenges the district court's personal jurisdiction over her on grounds that she never subjected herself to the jurisdiction of the court and entered only a limited appearance to dispute the jurisdiction of the court. [MIO 18, 21-22] This, also, is inaccurate. Appellant did not enter a limited appearance, she moved to intervene in November 2015 as a party with a limited power of attorney over Rose Martinez and an interest in the property at issue. [1 RP 36-38] Appellant had actively opposed foreclosure for over five years in the litigation before she was a named Defendant [1 RP 36 through 3 RP 693-723], and even engaged in extensive settlement negotiations [4 RP 857]. *See Richins v. Mayfield*, 1973-NMSC-099, ¶ 6, 85 N.M. 578, 514 P.2d 854 ("[I]ntervention is the proceeding whereby a person is permitted to become a party in an action between other persons after which litigation

proceeds with both original and intervening parties.”); *see also* Rule 1-024(A)(2) NMRA (permitting a party to intervene as of right in an action “when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant’s ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties”). Because Appellant was an active intervening party and did not enter a limited appearance, we are not persuaded by Appellant’s arguments that she did not subject herself to the jurisdiction of the district court. [MIO 18-19, 21-22]

**{5}** Lastly regarding the foreclosure decree, we are not persuaded that Appellant’s contention that her mere citation to the federal and state constitutions for the right to due process amounts to citation to authority to support her contention that her due process rights were violated when the district court entered contemporaneous orders granting summary judgment and denying Appellant’s motion to dismiss. [MIO 20] Nor are we persuaded that the timeline in Rule 1-012 NMRA for filing a response to a motion to dismiss precluded the district court from entering the orders contemporaneously or established a violation of due process. [MIO 21] Appellant had ample opportunity to file an answer and address the merits of foreclosure; she filed a response to the motion for summary judgment along with an affidavit, and has not demonstrated a meritorious defense to foreclosure. [3 RP 656-62] *See, e.g., Jones v. N.M. State Racing Comm’n*, 1983-NMSC-089, ¶ 6, 100 N.M. 434, 671 P.2d 1145 (rejecting a due process claim in the absence of a showing of prejudice). For these reasons, we are not persuaded that Appellant has established a violation of due process.

**{6}** With respect to the foreclosure sale, Appellant contends that the district court erred by appointing the particular special master at issue, the district court judge was biased, and the district court wrongfully ignored Appellant’s challenges to the sale. [MIO 23-30] We are not persuaded that the adverse rulings and existence of other cases involving Appellant and the district court and special master demonstrate they are biased and should have recused from presiding over matters related to the sale of the property. *See State v. Trujillo*, 2009-NMCA-128, ¶ 11, 147 N.M. 334, 222 P.3d 1040 (“Recusal is only required when a judge has become so embroiled in the controversy that he or she cannot fairly and objectively hear the case.” (alterations, internal quotation marks, and citation omitted)); *see also State v. Case*, 1984-NMSC-012, ¶ 6, 100 N.M. 714, 676 P.2d 241 (stating personal bias cannot be inferred from an adverse ruling); *cf. In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 (“An assertion of prejudice is not a showing of prejudice.”).

**{7}** We are also not persuaded by Appellant’s claim that the district court wrongfully entered notice and confirmation of the sale, despite her objections thereto. Contrary to Appellant’s assertion that no evidence supported the existence of a sale, the special master’s report of sale and deed of sale, themselves, constitute evidence of the sale. [5 RP 1430-34] Sitting as fact-finder, the district court was free to reject Appellant’s claims that the sale did not occur and to accept the conflicting representations of the special

master. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (explaining that the fact-finder is free to reject a party's version of the facts). As indicated in our notice, we construe the district court's order confirming the sale to have rejected Appellant's claims. *See Stinson v. Berry*, 1997-NMCA-076, ¶ 8, 123 N.M. 482, 943 P.2d 129 ("Where there has been no formal expression concerning a motion, a ruling can be implied by entry of final judgment or by entry of an order inconsistent with the granting of the relief sought."). Appellant's argument that the lack of evidence supporting the sale and lack of an order on her motions violate due process is conclusory, does not demonstrate preservation, and contains no supporting legal analysis or authority. [MIO 26-27] We are not persuaded and do not address this matter further. *See Titus v. City of Albuquerque*, 2011-NMCA-038, ¶¶ 45-48, 149 N.M. 556, 252 P.3d 780 (refusing to address bare constitutional assertions without sufficient explanation of pertinent facts and how any relevant case law might support the appellant's position); *see also Pirtle v. Legis. Council Comm. of N.M. Legislature*, 2021-NMSC-026, ¶ 58, 492 P.3d 586 (stating that, as an appellate court, we rely on documents presented to us to "decide legal issues and avoid reaching out to construct legal arguments that the parties, intentionally or otherwise, have not presented").

{8}     For the reasons provided in our notice and herein, we affirm the district court's orders of foreclosure and confirmation of sale.

{9}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**